■ In the Matter of the Arbitration between NORMAN M. LEVINE, as President of the Mineola Teachers Association, Appellant, and MINEOLA UNION FREE SCHOOL DISTRICT, Respondent.—In a proceeding to confirm an arbitration award, petitioner appeals from an order of the Supreme Court, Nassau County, entered March 21, 1977, which denied the application and vacated the arbitration award. Order reversed, on the law, with $50 costs and disbursements, and application to confirm the arbitration award granted. This dispute concerns the respondent school district's obligation, under a contractual dues checkoff provision, to collect, and remit to the teachers association, the unpaid balance of certified dues allegedly owed by a member-teacher who began an unpaid leave of absence after the start of the school year. The contractual checkoff provisions and, more particularly, the authorization form set forth therein, authorizes the district to deduct from salary and transmit to the association dues, "as certified by said Association", and provides that the authorization shall remain in effect and shall be continuous while the signer is employed in the school system or until withdrawn by written notice between September 1 and September 15 of any given year. The arbitrator found that the dues "as certified" were annual dues, which the district was deducting monthly only for purposes of convenience; he interpreted the parties' contract to require the district to deduct from the last paycheck of an employee, who begins an unpaid leave of absence after the start of the school year, the unpaid balance of the previously certified annual dues and remit them to the association. The award directed the district, which had failed to make this lump-sum deduction from the teacher's last paycheck, to advance such moneys to the association and to make its own arrangements to recover them from the teacher in the interim or when she returned from leave. Special Term denied petitioner's application to confirm and vacated the award as illegal and against public policy insofar as it required the payment of dues for the full year on the employee's behalf upon her going on leave without pay status early in the school year. We find such vacatur to constitute error. Whether the limited 15-day withdrawal period provided in the dues checkoff authorization is legally unenforceable (see Civil Service Law, § 202; General Municipal Law, § 93-b) need not here be decided, since the issue at bar is not whether the district or association may refuse to honor a withdrawal made at any other time. The employee in question appears never to have attempted to revoke her checkoff authorization and was not a party to these proceedings, although she allegedly was present and testified at the arbitration hearing. Neither the collective bargaining agreement nor the arbitrator's award requires the employee to continue her membership in the association or the payment of dues. As interpreted by the arbitrator, the agreement simply required the district to deduct from this employee's last paycheck, and remit to the association, the total annual dues then outstanding where the checkoff authorization remained unrevoked. The award does state that the district is free to later recover the sums advanced from the employee, but in that regard it is not binding upon the latter. The crux of the district's objections to this award really appears to lie with the arbitrator's finding that the dues "as certified by said Association" were annual dues, which were being deducted monthly only for purposes of convenience.

Presumably, such finding was based upon the membership obligations embodied in the association's own constitution and, even if erroneous, is beyond challenge in this proceeding. Since, as we believe, the employee's right to withdraw her checkoff authorization is not at issue here, and as the arbitrator's interpretation of the agreement is not "completely irrational" (see *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582-583), the award should have been confirmed. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.