◼ MINEOLA UNION FREE SCHOOL DISTRICT, Respondent, v MINEOLA TEACHERS ASSOCIATION, Appellant.—In separate proceedings pursuant to CPLR article 75 to stay arbitration, the consolidated appeal is from a judgment of the Supreme Court, Nassau County, dated September 28, 1977, which granted the applications. Judgment reversed, on the law, with one bill of $50 costs and disbursements, proceedings dismissed, and the parties are directed to proceed to arbitration forthwith. This dispute concerns the respondent school district's obligation under a contractual dues checkoff provision, to collect, and remit to the teachers association, the unpaid balance of certified dues allegedly owed by member teachers who left the payroll after the start of the school year. The contractual checkoff provisions and, more specifically, the authorization form set forth therein, authorizes the district to deduct from salary and transmit to the association, dues "as certified by said Association", and provides that the authorization shall remain in continuous effect "while [the signer is] employed in this school system or until withdrawn by written notice between September 1 and September 15 of any given year." Most of the member teachers from whom dues should allegedly have been deducted had absolutely terminated their employment with the district by retirement, resignation or layoff. Special Term granted the district's applications to stay arbitration, finding, *inter*

*alia,* that the restriction on revocation of the checkoff authorization to the period of September 1 through September 15 of any given year, despite the fact that the employee might leave the service of the district, was unenforceable against the employee, and that the district was not required to, and legally could not, advance public funds to the association under these circumstances. We reverse. As this court recently noted in *Matter of Levine (Mineola Union Free School Dist.)* (59 AD2d 702), which involved a similar dispute over an identical checkoff provision in the parties' prior collective bargaining agreement, "Whether the limited 15-day withdrawal period provided in the dues checkoff authorization is legally enforceable (see Civil Service Law, § 202; General Municipal Law, § 93-b) need not be decided, since the issue at bar is not whether the district * * * may refuse to honor a withdrawal made at any other time." In *Levine* we confirmed an arbitration award interpreting the checkoff provision to simply require the district to deduct from the last paycheck of a certain employee, who had taken an unpaid leave of absence, and remit to the association, the "certified" dues, found to be annual dues, then outstanding, where the checkoff authorization remained unrevoked. *Levine* is not, however, controlling here, since the district is seeking to stay arbitration in the first instance and most of the member teachers involved have left its employ, as opposed to merely going on leave. By its terms, the checkoff authorization appears to be revoked not only upon written notice of withdrawal, but also upon termination of employment. Nevertheless it is not for this court to decide the merits of this controversy, as disputes concerning the meaning, interpretation or application of the provisions of the parties' agreement are to be determined, pursuant to that agreement, by the arbitrator, who will also have to determine just when the teachers involved left the district's employ. Nor would we be justified in staying arbitration on the mere possibility that the arbitrator's award might be subject to vacatur in a proceeding pursuant to CPLR 7511 on the ground that he exceeded his power or rendered an award violative of public policy. Hopkins, J. P., Martuscello, Titone and Rabin, JJ., concur.